UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| STATE OF TENNESSEE, | ) | |
|---|---|---|
| *Plaintiff,* | ) | |
| | ) | Case No. 1:26-cr-5 |
| v. | ) | |
| | ) | Judge Atchley |
| MAWULE TEPE, | ) | |
| | ) | Magistrate Judge Steger |
| *Defendant.* | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Mawule Tepe's Notice of Removal [Doc. 1] of a state-court criminal proceeding to federal court. For the reasons that follow, the Court will **SUMMARILY REMAND** this matter back to the Bradley County General Sessions Court.

### I. BACKGROUND

In the notice of removal, Defendant seeks to remove a state criminal proceeding filed against him in the Badley County General Sessions Court, identified as Court Docket No. 26-CR-229. [Doc. 1]. Defendant was arraigned on January 28, 2026, and charged with aggravated stalking. [Doc. 1-1]. He states that this matter is being removed because there are "[f]ederal questions that involve[] a violation [sic] the 4th, 6th, 8th, and the 14th Amendments." [Doc. 1]. Based on the state-court filings attached to his notice of removal, Defendant raises a wide array of objections that he characterizes as constitutional violations. He challenges, among other things, the state court's personal and subject-matter jurisdiction over him, contests the validity of his arrest warrant, alleges violations of the Sixth Amendment's Confrontation Clause, and advances other

arguments commonly associated with so-called sovereign citizen theories. [Docs. 1-1, 1-2, 1-3, 1-4, 1-5].

II.     ANALYSIS

Only in "rare circumstances" may a state-court criminal prosecution be removed to federal court. *Lay v. Michigan*, No. 22-cr-11095, 2022 U.S. Dist. LEXIS 107614, at *2 (E.D. Mich. June 16, 2022) (internal citation omitted). Removal from state to federal court is only appropriate if authorized by statute. *Perkins v. Halex Co. Div. of Scott Fetzer*, 744 F.Supp. 169, 172 (N.D. Ohio 1990). "Such removals are governed procedurally by 28 U.S.C. § 1455 and substantively by 28 U.S.C. § 1443."[1] *Lay*, 2022 U.S. Dist. LEXIS 107614, at *2. Substantively, 28 U.S.C. § 1443 provides:

> Any of the following [...] criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

However, Defendant cites only to 28 U.S.C. § 1441 as the basis for removal. [Doc. 1 at 1]. That statute applies exclusively to civil actions and is therefore inapplicable here. *See* 28 U.S.C. § 1441.

---

[1] Another substantive way a state-court criminal defendant can remove his or her case to federal court is through 28 U.S.C. § 1442, which allows a criminal case to be removed if the defendant is an officer or agent of the United States or is a member of the military who is being prosecuted for an action taken in that capacity. *See Courtney v. Perry*, No. 2:17-cv-0026, 2017 U.S. Dist. LEXIS 20689, at *5 (S.D. Ohio Feb. 14, 2017) (citing 28 U.S.C. §§1442, 1442a). As it is clear from the filings that Defendant is not an officer or agent of the United States or member of the military, § 1442 is inapplicable in this matter.

2

Nevertheless, because Defendant is proceeding pro se, the Court will also consider whether removal is proper under 28 U.S.C. § 1443.

For removal to be proper under § 1443(1), the removal petition must satisfy a two-pronged test. *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975). "First, it must appear that the right allegedly denied the removal petitioner arises under a federal law providing for specific civil rights stated in terms of racial equality." *Id.* (internal quotations omitted). Merely alleging that the removal petitioner will be denied due process because the prosecution is "assertedly a sham, corrupt, or without evidentiary basis does not, standing alone, satisfy the requirements of § 1443(1)." *Georgia v. Rachel*, 384 U.S. 780, 792 (1966). Second, the defendant must show that he cannot enforce those rights in the state courts. *Johnson*, 421 U.S. at 219. "'This provision normally requires that the denial be manifest in a formal expression of state law, such as a state legislative or constitutional provision, rather than a denial first made manifest in the trial of the case.'" *Ward v. Kentucky*, No. 3:17-cr-11-DJH, 2017 U.S. Dist. LEXIS 34543, at *3–4 (W.D. Kent. Mar. 10, 2017) (internal citation omitted). The Sixth Circuit has further indicated that:

> [I]t is not enough to support removal under § 1443(1) to allege or show that the defendant's federal equal civil rights have been illegally and corruptly denied by state administrative officials in advance of trial, that the charges against the defendant are false, or that the defendant is unable to obtain a fair trial in a particular state court. The motives of the officers bringing the charges may be corrupt, but that does not show that the state trial court will find the defendant guilty if he is innocent, or that in any other manner the defendant will be "denied or cannot enforce in the courts" of the State any right under a federal law providing for equal civil rights. . . . Under § 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court.

*Thurmond v. Langford-Morris*, No. 14-2232, 2015 U.S. App. LEXIS 23410, at *2–3 (6th Cir. Apr. 28, 2015) (quoting *City of Greenwood v. Peacock*, 384 U.S. 808, 827–28 (1966)).

3

Here, Defendant's notice of removal, even construed liberally, is woefully deficient. To begin, Defendant has made no allegations of racial inequality. And, even if he had, he has not alleged any state law preventing him from enforcing his rights. *See Cox v. Kentucky*, No. 3:24-cv-626-RGJ, 2024 U.S. Dist. LEXIS 203000, at *3–4 (W.D. Kent. Nov. 6, 2024) (finding that the removal petitioner failed the two-prong test, in part, because she did not allege any specific state law preventing her from enforcing her rights in state court). In fact, Defendant, in his state court filings, cites to numerous provisions of Tennessee law and the Tennessee Constitution, but only to argue that the state court has failed to follow Tennessee law. [*See* Docs. 1-2, 1-3]. If the state court in this matter is merely alleged to be misapplying or violating state law, then there is no state statue or constitutional provision being invoked to prevent the enforcement of Defendant's federal rights, as § 1443 requires. At most, this demonstrates an error in application of state law, not that existence of a state law that obstructs the vindication of federal rights. Moreover, the basis for Defendant's removal seems to be that state court officials have acted improperly by violating state and federal law in his case alone. This is plainly insufficient to justify removal. *See Ward*, 2017 U.S. Dist. LEXIS 34543, at *4. Removal under § 1443(1) requires the denial of federal civil rights predicated upon the "operation of a *pervasive* and explicit state or federal law." *Thurmond.*, 2015 U.S. App. LEXIS 23410, at *2–3 (emphasis added). Although Defendant alleges that state officials have repeatedly harassed and violated his federal rights, § 1443(1) removal requires more than allegations of improper actions by select state officials allegedly operating outside the law. Therefore, the Court finds that Defendant's notice of removal does not satisfy the two-pronged test articulated by the Supreme Court.

Defendant's removal petition equally fails under § 1443(2). "'The first clause [of subsection (2)], "for any act under color of authority derived from any law providing for equal

4

rights" has been examined and held available only to federal officers and to persons assisting such officers in the performance of their official duties.'" *Ward*, 2017 U.S. Dist. LEXIS 34543, at *4–5 (quoting *Detroit Police Lieutenants and Sergeants Ass'n v. City of Detroit*, 597 F.2d 566, 568 (6th Cir. 1979)). As such, "[i]t is clear that removal under that language is available only to state officers." *Peacock*, 384 U.S. at 824 n.22; *see also Detroit Police Lieutenants and Sergeants Ass'n*, 597 F.2d at 568 ("We believe that this provision of the statute was designed to protect state officers from being penalized for failing to enforce discriminatory state laws or policies by providing a federal forum in which to litigate these issues."). Here, § 1443(2) plainly does not apply to Defendant, as he is not a federal officer, state officer, or a person assisting a federal officer in the performance of his duties.

For these reasons, the Court concludes that it "clearly appears on the face of [Tepe's] notice [...] that removal should not be permitted[.]" 28 U.S.C. § 1455(b)(4).

### III.   CONCLUSION[2]

For the reasons stated above, removal is not authorized in this matter. The Court therefore **SUMMARILY REMANDS** this action back to the Bradley County General Sessions Court.

---

[2] The Court notes, based on Mr. Tepe's prior history in this District, a continuing pattern of noncompliance with Orders of the Court. Because of Mr. Tepe's repetitive and vexatious litigation practices, this Court has twice entered orders permanently enjoining him from filing any new lawsuits in this Court without first seeking and obtaining the Court's permission. [*See* Case No. 1:22-cv-231-DCLC-CHS, Doc. 31; Case No. 1:23-mc-25-TRM, Doc. 3]. In a recent case before this Court, Mr. Tepe attempted to circumvent those injunctions by filing an action in state court premised on federal law, thereby precipitating removal to federal court. [*See Mawule Tepe v. Bradley County, Tennessee and Cleveland City Police Department*, Case No. 1:25-cv-342]. He was expressly warned that he could not evade the injunction by initiating cases that would ultimately be removed to federal court without first complying with the Court's injunction Order. Yet here we are again. And, this time, this matter is not before the Court because of a third party's removal efforts; it is here because Mr. Tepe himself removed it. Once again, Defendant has disregarded Orders of the Court and failed to comply with this Court's injunction order. While the failure to follow Orders of the Court are grounds alone to dismiss this action, the Court nevertheless addressed Mr. Tepe's claims to ensure a just and complete resolution of the issues presented.

**AN APPROPRIATE ORDER OF REMAND WILL ENTER.**

**SO ORDERED.**

                                            */s/ Charles E. Atchley, Jr.*
                                            **CHARLES E. ATCHLEY, JR.**
                                            **UNITED STATES DISTRICT JUDGE**

6

Case 1:26-cr-00005-CEA-CHS    Document 3    Filed 02/12/26    Page 6 of 6    PageID #: 72